IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:12 CR 587 AND |
| | ) 1:13 CR 376 |
| v. | ) |
| | ) Judge Dan Aaron Polster |
| PERRY JOHNSON, | ) |
| | ) |
| Defendant. | ) |
| | ) **OPINION AND ORDER** |

Before the Court is Defendant Perry Johnson's letter requesting compassionate release. ECF Doc. 81.  On December 10, 2013, Johnson was sentenced to 300 months in prison, after he pleaded guilty to robbery, brandishing a firearm during a crime of violence, possession with intent to distribute oxycodone and escape.  ECF Doc. 43.  He is currently being held at Beaumont USP with an expected release date of September 23, 2034.[1]

Johnson's letter references 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement, but he has not shown that he actually exhausted his request for compassionate release.  Under *United States v. Alam*, the request may come through a motion filed by the inmate after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoners]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).  Here, it is not clear whether Johnson has even exhausted his request for early

---

[1] Federal Bureau of Prisons Inmate Search as of June 29, 2022.

1

release. But even if he has, he has failed to show that a sentence reduction is proper under the 18 U.S.C. § 3553(a) sentencing factors.

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release. 18 U.S.C. § 3582(c)(1). The Court must find: (A) extraordinary and compelling circumstances permit sentence reduction; and (B) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id.*

Johnson argues that his obesity is an extraordinary and compelling reason for compassionate release. When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2) whether the defendant's prison has a severe COVID-19 outbreak. *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Although he has not produced any evidence documenting his obesity, Mr. Johnson represents he is obese and has a BMI of 30. ECF Doc. 81 at 5. The Centers for Disease Control and Prevention ("CDC") identifies a non-exhaustive list of COVID-19 medical conditions on its website, which can "place a person at higher risk of severe illness from COVID-19."[2] The CDC has determined that being obese may increase the likelihood of severe illness from COVID-19. *See United States v. Elias,* 984 F.3d 516, 521 (6th Cir. Jan. 6, 2021) ("[r]elying on official

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (last accessed June 29, 2022.)

2

guidelines from the CDC is a common practice in assessing compassionate-release motions"). And it appears that operations are currently being modified at Beaumont USP due to COVID-19.[3] However, Johnson has not indicated whether he has been offered and/or received the vaccine for COVID-19. For this reason and because Johnson has not submitted evidence documenting his medical condition, the court is not in a position to determine whether Johnson's alleged obesity places him at greater risk of severe illness from COVID-19.

Moreover, even if Mr. Johnson could establish an "extraordinary and compelling reason" for a sentence reduction, compassionate release would be inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Mr. Johnson has over 10 years remaining in his sentence and was convicted of very serious offenses including brandishing a firearm during a crime of violence. ECF Doc. 43. Given the nature of Mr. Johnson's offenses, he presents a danger to the community and a reduction in his sentence is not appropriate at this time. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well

---

[3] https://www.bop.gov/locations/institutions/bmp/

as the amount of time remaining on the defendant's sentence). Mr. Johnson has not submitted any evidence to the contrary. His main support for seeking early release is an article reporting a violent outbreak in his prison resulting in the death of two inmates. *See* ECF Doc. 81-1. But the fact that Johnson has been exposed to violent crimes while in prison does not merit his early release. The § 3553(a) factors weigh against granting Mr. Johnson's request for compassionate release.

Accordingly, for the reasons stated herein, the Court DENIES Johnson's request for compassionate release. ECF Doc. 81.

**IT IS SO ORDERED.**

Dated: June 29, 2022

*s/Dan Aaron Polster*
United States District Judge
